**JOHN L. BURRIS, Esq., SBN 69888**
**ADANTE POINTER, Esq., SBN 236229**
**MELISSA NOLD, Esq., SBN 301378**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
adante.pointer@johnburrislaw.com
melissa.nold@johnburrislaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE MONDRAGON, individually and as Successor-in-Interest to Decedent ELENA MONDRAGON,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF FREMONT, a municipal corporation; JOEL HERNANDEZ individually and in his official capacity as a police officer for the CITY OF FREMONT; JEREMY MISKELLA individually and in his official capacity as a police officer for the CITY OF FREMONT; GHAILAN CHAHOUATI, in his individually and official capacity as Police Officer for the City of Fremont; and DOES 1-25, inclusive, individually and in their official capacity as police officers for the CITY OF FREMONT,<br><br>Defendants. | CASE NO.: 5:18-cv-01605<br><br>THIRD AMENDED COMPLAINT FOR DAMAGES<br>(42 U.S.C. Section 1983 and pendent tort claims)<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. This case arises out of the March 14, 2017 shooting death of 16-year-old Elena Mondragon by City of Fremont Police Officers during a botched covert arrest operation.

2. That day, four teenagers, including Decedent Elena MONDRAGON, her female cousin and two young men, went swimming at an apartment complex located in the City of Hayward, California. After they finished swimming they all piled into a BMW. Unbeknownst to the group, the young man driving the BMW, Rico Tiger, was wanted by authorities on suspicion of committing several violent robberies. That day, Southern Alameda County Major Crimes Task Force agents/officers, including multiple officers from the City of Fremont Police Department were surveilling Mr. Tiger with the intention of taking him into custody.

3. Mr. Tiger started the car and began to drive out of the apartment complex's parking lot when the BMW was suddenly cut off by an unmarked minivan containing undercover, plainclothed, City of Fremont Police Officer Ghailan CHAHOUATI. An additional unmarked Honda pulled up behind the minivan and plainclothed Fremont Police Officers Joel HERNANDEZ and Jeremy MISKELLA. Officers MISKELLA and HERNANDEZ got out of the Honda with AR-15 rifles. Mr. Tiger backed the BMW up a significant distance and loudly revved up his engine in preparation for driving past the minivan. Officer Ghailan Chahouati got out of the minivan with his AR-15's drawn at the BMW full of teens and stepped directly into the BMW's path of travel. As the driver attempted to escape from the perceived danger by trying to maneuver the vehicle to safety, Officers MISKELLA and HERNANDEZ opened fire and sent a hail of bullets into the car. Elena was struck four times. She fought to survive but ultimately succumbed to her gun shot wounds. At the time of her death, Elena was several weeks pregnant. She leaves behind her family including her loving mother, Michelle Mondragon and father Rchard Mondragon.

4. This civil rights and wrongful death action seeks compensatory and punitive damages from Defendants for violating the Fourth and Fourteenth Amendment under the United States Constitution and state law in connection with the death of ELENA MONDRAGON, who died as a result of the unlawful and/or negligent conduct by City of Fremont Police Officers MISKELLA,

HERNANDEZ and CHAHOUATI who are members of the Southern Alameda County Major Crimes Task Force. This action is maintained on behalf of Decedent, by her mother and successor-in-interest, Michelle Mondragon, who also brings forth individual claims for loss of familial relationship.

## JURISDICTION

5. This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City of Hayward, California, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.

## PARTIES

6. Decedent ELENA MONDRAGON was an individual residing in the State of California. Decedent was unmarried and died intestate. Decedent did not file any legal actions prior to her death. To the extent that this action seeks to recover damages for the violation of rights personal to ELENA MONDRAGON, this action is maintained by her mother and Successor-in-Interest, Michelle Mondragon.

7. Plaintiff MICHELLE MONDRAGON (hereinafter "Plaintiff"), is and was at all times herein mentioned the biological mother of Decedent ELENA MONDRAGON and a citizen of the United States. Plaintiff is acting in her individual capacity as the biological mother of Decedent ELENA MONDRAGON. ELENA MONDRAGON's biological father is Richard Mondragon.

8. Defendant CITY OF FREMONT (hereinafter "City") is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, the City operates the Fremont Police Department and its officers/agents. One or more of its agents and/or police officers participated in the police activity which resulted in the Decedent's death.

9. Defendant JEREMY MISKELLA was, and at all times herein mentioned is being sued in his individual and official capacity as a police officer for the City of Fremont.

10. Defendant GHAILAN CHAHOUATI was, and at all times herein mentioned is being sued in his individual and official capacity as a police officer for the City of Fremont.

11. Defendant JOEL HERNANDEZ was, and at all times herein mentioned is being sued in his individual and official capacity as a police officer for the City of Fremont.

12. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff alleges Defendants DOES 1 through 25, and each of them were negligent and deliberately indifferent to ELENA MONDRAGON's civil rights and caused wrongfully caused her death, and/or encouraged, directed, enabled and/or ordered other defendants to engage in such conduct. Plaintiff further alleges that the DOE Defendants violated Decedent's Fourth Amendment right to be free from unreasonable searches and seizures, including excessive and unwarranted force, in addition to the Fourteenth Amendment rights to familial association and companionship and caused the wrongful death of ELENA MONDRAGON. Plaintiff will amend this Complaint to state the names and capacities of DOES 1 through 25, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

13. Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910. Plaintiff filed a claim against the City of Fremont on September 14, 2017. The City of Fremont claimed that Plaintiff's Government Tort Claim insufficient for not being on the City's official claim form and for not specifically identifying the actual officers involved. Defendant City is incorrect, Plaintiff is not required to submit her Claim on the City's claim form nor is Plaintiff required to state the specific name of the individual Fremont Police Officers. Plaintiff's inability to identify the specific Fremont police officers involved in this incident is due in large measure to the secretive, unlawful and disingenuous actions of Defendant City as the City has steadfastly refused to identify the involved Officers in response to Plaintiff and media requests despite the City being fully aware they have a duty to provide that information to the public upon request.

## PRELIMINARY ALLEGATIONS

14. The City of Fremont is a public entity and is being sued under Title 42 U.S.C. § 1983 for Monell liability; and under the theory of Respondeat Superior, for all actions taken by Defendant

COMPLAINT FOR DAMAGES - 4

agents of the aforementioned entity. Defendants HERNANDEZ, MISKELLA, CHAHOUATI, and DOES 1-25 are being sued under Title 42 U.S.C. § 1983, for violations of the Fourth and Fourteenth Amendments of the United States Constitution; in addition to violations of California state law, the California Tort Claims Act, and the Government Code for the acts and omissions of Defendants HERNANDEZ, MISKELLA, CHAHOUATI and DOES 1-25, and each of them, who at the time they caused Plaintiff's and Decedent ELENA MONDRAGON's injuries, damages and death were duly appointed, qualified and acting officers, employees, and/or agents of The City of Fremont and acting within the course and scope of their employment and/or agency.

15. Plaintiff alleges that the conduct of each defendant deprived Decedent ELENA MONDRAGON of her constitutional right to life and caused Decedent to suffer grievous harm and physical, psychological, and mental injuries prior to her death, and ultimately caused her death.

16. Each of the Defendants caused and is responsible for the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the unlawful conduct performed by agents and officers, deputies, medical providers and employees under their direction and control.

17. Whenever and wherever reference is made in this Complaint to any act by Defendants DOES 1-25, such allegations and references shall also be deemed to mean the acts and failures to act of each DOE Defendants individually, jointly or severally.

**FACTUAL ALLEGATIONS**

18. On March 14, 2017, at approximately 5:15 p.m., 16-year-old Decedent Elena Mondragon was leaving City View Apartment Complex, located at 25200 Carlos Bee Blvd., in Hayward, California. Decedent had been swimming at the apartment complex with her female cousin and two male friends. Unbeknownst to the teens, one of the teens, Rico Tiger, was the subject of a

surveillance operation by the Southern Alameda County Major Crimes Taskforce. The objective of the Taskforce that day was to take Mr. Tiger into custody.

19. The four teenagers finished at the pool and got into a BMW, with Decedent sitting in the passenger seat and Mr. Tiger driving. As the BMW began to leave the parking lot an unmarked minivan pulled into the lot and positioned itself in front of the BMW. Plainclothed Officers HERNANDEZ and MISKELLA drove up behind the van in an unmarked Honda. City of Fremont Police Officer CHAHOUATI jumped out of the minivan with a rifle and placed himself in the BMW's path of travel, in violation of City of Fremont policy. The officers did not identify themselves as law enforcement officers. The driver of the car seeing a group of armed males with their weapons drawn, attempted to drive past the minivan and Honda to safety.

20. As the driver of the BMW attempted to flee from the armed men, Officers MISKELLA and HERNANDEZ fired a relentless line of gun fire into the BMW. The Officers violated their training and City of Fremont police department policy by shooting into the moving car. The Defendants' bullets struck the Decedent four times. The shooting left Decedent agonizing in pain. The 16 year-old ultimately succumbed to her gun shot wound injuries. Decedent was several weeks pregnant when she was shot to death.

21. ELENA MONDRAGON leaves behind a family and a grieving mother reeling from her untimely and preventable loss.

22. The actions and omissions of the City of Fremont and DOES 1 through 25 were objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of City and/or other jurisdictions.

23. Plaintiff is informed and believes and thereon alleges the City of Fremont breached their duty of care to the public in that they have failed to discipline Defendant Officers. Defendants MISKELLA and HERNANDEZ explicitly violated the City of Fremont Use of Force policy, which explicitly warn officers of the dangers of shooting into moving vehicles and further instructs officers to remove themselves from the path of moving cars. Defendants failure to follow this policy resulted

in the death of ELENA MONDRAGON. Neither officer was debriefed, disciplined or retrained as the result of violating this explicit policy.

24. Plaintiff is informed and believes and thereon alleges the City of Fremont breached their duty of care to the public in that they have failed to discipline Defendant Officers. Defendants MISKELLA and CHAHOUATI failed to use and/or activate their body worn cameras as required by the City of Fremont Body Worn Camera policy. Defendant MISKELLA was not disciplined or retrained for violating this policy. Defendant CHAHOUATI was not retrained for violating this policy.

25. Their failure to discipline DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of excessive and/or deadly force and the fabrication of official reports to cover up Defendants MISKELLA, HERNANDEZ, CHAHOUATI & DOES 1-25 inclusive, misconduct.

26. Plaintiff is informed and believes and thereon alleges that Defendants MISKELLA, HERNANDEZ, CHAHOUATI & DOES 1-25and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, including, but not limited to Decedent, ELENA MONDRAGON.

27. Plaintiff is informed, believes and therein allege that City knew or had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

28. At all material times, and alternatively, the actions and omissions of each Defendant were conscience-shocking, reckless, deliberately indifferent to Decedent's and Plaintiff's rights, negligent, and objectively unreasonable.

## DAMAGES

29. As a consequence of Defendants' violation of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments, Plaintiff was mentally, and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but not limited

to: Plaintiff's loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support and future financial support.

30. Plaintiff seeks both survival and wrongful death damages, pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b), for the violation of both Decedent's and their rights. Additionally, Plaintiff is entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61 and loss of financial support.

31. Plaintiff MICHELLE MONDRAGON is further entitled to recover damages incurred by Decedent before she died as a result of being deprived without due process of her right to life, and to any penalties or punitive damages to which Decedent would have been entitled to recover had she lived, including damages incurred by Decedent consisting of pain and suffering she endured as a result of the violation of her civil rights.

32. Plaintiff found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiff's rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that she is the prevailing party in this action under 42 U.S.C. § 1983, 1985 through 1986 and 1988.

## FIRST CAUSE OF ACTION

**(42 U.S.C. section 1983)**
**(Survival Action: Violation of Decedent's Civil Rights)**
(Plaintiff MICHELLE MONDRAGON, Successor-in-Interest to Decedent ELENA MONDRAGON against Defendants MISKELLA; HERNANDEZ; CHAHOUATI & DOES 1-25)

33. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 32 of this Complaint.

34. The foregoing claim for relief arose in Decedent's favor, and Decedent would have been the Plaintiff with respect to this claim if she had lived.

35. Defendants individually and as peace officers deprived Decedent ELENA MONDRAGON of her right to be secure in her person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

36. As a result, Decedent suffered extreme pain and suffering and eventually suffered a loss of life for which Plaintiff is entitled to recover damages.

37. As a result of the conduct of Defendants, individually and as peace officers, they are liable for Decedent's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

38. The conduct of Defendants, individually and as peace officers, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983)
### (Violation of Plaintiff's 14th Amendment Rights/Right to Familial Relationship
(Plaintiff MICHELLE MONDRAGON, Successor-in-Interest to Decedent ELENA MONDRAGON against Defendants R. MISKELLA; HERNANDEZ; CHAHOUATI & DOES 1-25)

39. Plaintiff hereby re-allege and incorporate by reference herein paragraphs 1 through 38 of this Complaint.

40. As a legal cause of Defendants, acting under color of law, acts and/or inactions, Plaintiff was deprived of her constitutional rights to a familial relationship, and whose deliberate indifference caused injuries which resulted in Decedent's death, all in violation of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Monell - Municipal Liability for Unconstitutional Custom or Policy)
(Plaintiff MICHELLE MONDRAGON, Successor-in-Interest to Decedent ELENA MONDRAGON against City of Fremont and DOES 26-50)

41. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 40 of this Complaint.

42. Defendants MISKELLA and HERNANDEZ explicitly violated the City of Fremont Use of Force policy with regard to shooting at moving cars, which resulted in the death of Decedent

ELENA MONDRAGON. The City of Fremont Use of Force policy explicitly bars the conduct Defendants MISKELLA and HERNANDEZ engaged in. The Use of Force policy was designed to prevent the type of harm caused in this matter. Despite their failure to follow their explicit policies, none of the Defendants were disciplined or retrained as the result of violating an explicit policy which resulted in the death of ELENA MONDRAGON. Such failures indicate a lack of supervision and ratification of officer misconduct.

43. Defendants MISKELLA and CHAHOUATI overtly violated City of Fremont Body Worn Camera policy. The Body Worn Camera policy exists to document incidents and provide objective evidence. The Body Worn Camera policy mandates that officers activate their body worn cameras in the circumstances presented in this incident. Defendant CHAHOUATI did not have his body worn camera on. Defendant Sergeant MISKELLA did not activate his body worn camera, despite having one available. Despite their failure to follow this explicit policies, Defendant CHAHOUATI was not retrained and Defendant MISKELLA was not disciplined or retrained, despite being a supervisory sergeant with decades of experience. Defendants' failures to activate and/or use their camera prevent Plaintiff access to key information and prejudiced her ability to pursue legal remedies. Such failures indicate a lack of supervision and ratification of officer misconduct.

44. Defendants MISKELLA, HERNANDEZ, CHAHOUATI & DOES 1-25 conduct, individually and as peace officers was ratified by City police department supervisory officers DOES 26-50.

45. On and for some time prior to March 14, 2017, (and continuing to the present day) Defendants, individually and as peace officers, deprived Plaintiff and Decedent ELENA MONDRAGON of the rights and liberties secured to them by the Fourth and Fourteenth Amendment to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff and Decedent ELENA MONDRAGON, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

a. Employing and retaining as police officers and other personnel, including Defendants, individually and as peace officers; who at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written City policies, including the use of excessive and deadly force;

b. Of inadequately supervising, training, controlling, assigning, and disciplining City Police officers, and other personnel, including Defendants who City knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

c. Of inadequately supervising, training, controlling, assigning, and disciplining City, Police officers, and other personnel, including Defendants in conducting covert operations and arrests;

d. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants who are Police Officers of City;

e. By failing to discipline City Police Officers' conduct, including but not limited to, unlawful detention and excessive and deadly force;

f. By ratifying the intentional misconduct of Defendants and other officers who are Police Officers of City;

g. By having and maintaining an unconstitutional policy, custom and practice of using excessive force, including deadly force, which also is demonstrated by

inadequate training regarding these subjects. The policies, customs and practices of Defendants were done with a deliberate indifference to individuals' safety and rights; and

  h. By failing to properly investigate claims of unlawful detention and excessive force by City Police Officers.

46. By reason of the aforementioned policies and practices of Defendants, individually and as peace officers, Decedent was severely injured and subjected to pain and suffering and lost her life, for which Plaintiff is entitled to recover damages.

47. Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent, Plaintiff, and other individuals similarly situated.

48. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers; acted with an intentional, reckless, and callous disregard for the life of Decedent. Each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

49. Furthermore, the policies practices, and customs implemented and maintained and still tolerated by Defendants, individually and as peace officers; were affirmatively linked to and were significantly influential force behind the injuries of Decedent and Plaintiff.

50. By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiff was caused to incur funeral and related burial expenses, loss of gifts and benefits.

51. By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiff has suffered loss of love, companionship, affection, comfort, care, society, and future support.

52. Accordingly, Defendants, individually and as peace officers, each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (C.C.P. Section 377.60 and 377.61)
### (Wrongful Death- Negligence)
(Plaintiff MICHELLE MONDRAGON, individually against Defendants MISKELLA; HERNANDEZ; CHAHOUATI & DOES 1-25)

53. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 51 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

54. Defendants' negligent actions and/or negligent failure to act within the scope and course of their employment with Defendant Cities as set forth herein-above proximately caused the death of Decedent ELENA MONDRAGON.

55. As an actual and proximate result of said Defendants' negligence, and the death of Decedent, Plaintiff has sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of her daughter, in an amount according to proof at trial.

56. As a further actual and proximate result of said Defendants' negligence, Plaintiff has incurred funeral and burial expenses, in an amount according to proof at trial.

57. Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiff has brought this action, and claim damages from said Defendants' for the wrongful death of Decedent, and the resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth

## FIFTH CAUSE OF ACTION
### (Violation of CALIFORNIA CIVIL CODE §52.1)

(Plaintiff MICHELLE MONDRAGON, Successor-in-Interest to Decedent ELENA MONDRAGON against Defendants MISKELLA; HERNANDEZ; CHAHOUATI & DOES 1-25)

58. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 56 of this Complaint.

59. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Decedent ELENA MONDRAGON'S peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

60. As a direct and proximate result of Defendants violation of Civil Code § 52.1, Decedent suffered violations of her constitutional rights, and suffered damages as set forth herein.

61. Plaintiff is entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code § 52.1(h).

62. Plaintiff is entitled to treble damages, but in no case less than $4,000.00 and an award of her reasonable attorney's fees pursuant to Civil Code § 52(a).

63. Under the provisions of California Civil Code §52(b), Defendant is liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

64. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;

3. For punitive damages against Defendants MISKELLA, HERNANDEZ, CHAHOUATI & DOES 1-25 in a sum according to proof;

4. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

5. For any and all statutory damages allowed by law;

6. For funeral and burial expenses according to proof;

7. For cost of suit herein incurred; and

8. For such other and further relief as the Court deems just and proper.

**Law Offices of John L. Burris**

Dated: November 13, 2019           /s/ John L. Burris\_\_\_
**John L. Burris**