UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE MONDRAGON,<br>Plaintiff,<br>v.<br>CITY OF FREMONT, et al.,<br>Defendants. | Case No. 18-cv-01605-NC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; GRANTING LEAVE TO AMEND**<br><br>Re: Dkt. No. 98 |

This case arises out of the death of 16-year-old Elena Mondragon after being shot by City of Fremont police officers. Elena was the passenger in a vehicle driven by a young man who was under surveillance by undercover officers. The officers shot into the vehicle, including four shots that struck and killed Elena. Defendants the City of Fremont and individual police officers move to dismiss claims brought by Elena's successor-in-interest, her mother Michelle Mondragon. The Court GRANTS the motion to dismiss the claim against the City of Fremont under 42 U.S.C. § 1983 because the Third Amended Complaint fails to state sufficient facts to show the City's *Monell* liability. The Court finds that further amendment would be futile so does not grant leave to amend this claim, and therefore DISMISSES the City of Fremont from the case. The Court also GRANTS the defendants' motion as to the plaintiff's failure to file a successor-in-interest affidavit and as to the plaintiff's error in captioning her Fourteenth Amendment claim under 42 U.S.C. § 1983 as brought as successor-in-interest rather than in her individual capacity. The Court

1  GRANTS the plaintiff leave to cure these deficiencies. The Court otherwise DENIES the motion to dismiss.

## I. Background

### A. Procedural History

Plaintiff Michelle Mondragon filed a complaint based on the death of her daughter, Elena Mondragon, following a shooting by City of Fremont police officers targeting a man named Rico Tiger. Dkt. No. 1. United States District Court Judge Yvonne Gonzalez Rogers granted a partial stay in the case because of pending criminal proceedings against Rico Tiger related to the shooting. Dkt. No. 41. Judge Gonzalez Rogers referred the case to me. Dkt. No. 67. I lifted the partial stay. Dkt. No. 74. Plaintiff filed an amended complaint and defendants moved to dismiss. Dkt. Nos. 75, 80, 84, 85. Defendants also filed a cross-claim against Rico Tiger. Dkt. No. 81. I granted the defendants' motion to dismiss and granted plaintiff leave to amend the complaint. Dkt. No. 92. Plaintiff filed a third amended complaint. Dkt. No. 94. Defendants voluntarily dismissed Rico Tiger as a cross-defendant. Dkt. No. 112.

The third amended complaint brings claims against defendants the City of Fremont and its police officers Joel Hernandez, Jeremy Miskella, and Chailan Chahouati. Plaintiff's claims are for: (1) violation of the decedent Elena Mondragon's civil rights under 42 U.S.C. § 1983 against defendants Miskella, Hernandez, and Chahouati; (2) violation of plaintiff Michelle Mondragon's civil rights under 42 U.S.C. § 1983 against Miskella, Hernandez, and Chahouati; (3) *Monell* liability under 42 U.S.C. § 1983 against the City of Fremont; (4) wrongful death against Miskella, Hernandez, and Chahouati; and (5) violation of California Civil Code § 52.1, the Bane Act, against Miskella, Hernandez, and Chahouati. The defendants' motion to dismiss the third amended complaint is now before the Court.

### B. Facts Alleged in the Third Amended Complaint

On March 14, 2017, 16-year-old Elena Mondragon went swimming at an apartment complex in Hayward, California, with her cousin and two friends. Dkt. No. 94, Third

Amended Complaint, at ¶¶ 2, 18. Afterward, they all got into a BMW driven by one of the friends, Rico Tiger. *Id.* Elena was seated in the front passenger seat. *Id.* ¶ 19. Unbeknownst to the group, the Southern Alameda County Major Crimes Task Force, including officers from the City of Fremont Police Department, had been surveilling Tiger because he was wanted for multiple robberies. *Id.* ¶¶ 2, 18. As Tiger began to drive the BMW out of the apartment complex parking lot, the car was suddenly cut off by an unmarked minivan containing undercover officers in plain clothes including defendant Ghailan Chahouati. *Id.* ¶¶ 3, 19. An unmarked Honda pulled up behind the minivan with defendant officers Joel Hernandez and Jeremy Miskella inside. *Id.* Hernandez and Miskella exited the Honda holding AR-15 rifles. *Id.* None of the officers identified themselves as law enforcement. *Id.* ¶ 19.

Tiger backed up the BMW a significant distance and loudly revved the engine. *Id.* Officer Chahouati exited the minivan, drawing an AR-15 and pointing it at the BMW. *Id.* Officer Chahouati stepped directly into the BMW's path. *Id.* ¶¶ 3, 19. Tiger attempted to drive the BMW past the minivan and Honda. *Id.* ¶ 19. Officers Miskella and Hernandez fired a "relentless" "hail of bullets" into the BMW. *Id.* ¶¶ 3, 20. Elena was struck by the bullets four times. *Id.* She was left in agonizing pain and ultimately died of her wounds. *Id.* At the time of her death, Elena was several weeks pregnant. *Id.*

## II. Legal Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

**III. Discussion**

### A. Successor-In-Interest Affidavit Requirement

Plaintiff Michelle Mondragon brings her first, second, third, and fifth claims (under 42 U.S.C. § 1983 and California's Bane Act) as successor-in-interest to her daughter Elena Mondragon. TAC ¶¶ 33, 39, 41, 58. Under California Code of Civil Procedure § 377.32, a person seeking to commence an action as a successor-in-interest must file an affidavit or declaration along with a certified copy of the decedent's death certificate to demonstrate that the plaintiff meets the state's requirements for bringing a survival action. *Moreland v. Las Vegas Metro. Police Department*, 159 F.3d 365, 369 (9th Cir. 1998). Here, Michelle Mondragon has not filed an affidavit or a death certificate. In her opposition to the motion to dismiss, Michelle seeks leave to file these materials. Because the Court finds that the defendants would not be prejudiced by Michelle filing her successor-in-interest documents at this time, the Court GRANTS leave. Michelle must file all materials necessary to show compliance with California Code of Civil Procedure § 377.32 by **March 24, 2020.**

### B. Fourteenth Amendment and Wrongful Death Claims: Issues with Michelle Mondragon's Individual versus Successor-in-Interest Capacities

Michelle's second cause of action, for violation of Fourteenth Amendment rights under 42 U.S.C. § 1983, is captioned in the TAC as brought as Elena's successor-in-interest. TAC ¶ 39. The TAC titles this claim "Violation of Plaintiff's 14th Amendment Rights/Right to Familial Relationship," and describes that Michelle was "deprived of her constitutional rights to a familial relationship" and that Elena was deprived of her "Fourth and Fourteen Amendment[]" rights. TAC ¶ 40.

Michelle's fourth cause of action, for wrongful death under California state law, is

4

captioned in the TAC as brought in Michelle's individual capacity. TAC ¶ 53. However, in the original, first amended, and second amended complaints, the wrongful death claim was consistently captioned as brought by Michelle on behalf of Elena as her successor-in-interest. Dkt. Nos. 1, 11, 75, 94.

Defendants seek dismissal of the Fourteenth Amendment claim because Elena cannot assert claims for wrongful death or loss of familial relationship. Dkt. No. 98, Motion, at 5. And, defendants argue, if Michelle meant to state this claim on her own behalf, it is barred by California's two-year statute of limitations because the shooting took place on March 14, 2017 and the TAC was filed on November 13, 2019. *Id*.; Cal. Code Civil Proc. § 355.1. Plaintiff "acknowledges that she improperly titled the heading for her 14th Amendment claim" and admits that "her title in the heading of the cause of action was technically incorrect." Dkt. No. 104, Opposition, at 9. The Court notes that all four complaints filed in this action titled this claim as brought by Michelle on behalf of Elena as her successor-in-interest. *See* Dkt. Nos. 1, 11, 75, 94 (Complaint, First Amended Complaint, Second Amended Complaint, and Third Amended Complaint). Thus plaintiff made this error four times. Defendants have not raised this issue until the instant motion to dismiss.

Similarly, defendants argue that plaintiff's wrongful death claim is barred by the statute of limitations because plaintiff Michelle Mondragon never brought any claims on her own individual behalf until the TAC which was filed more than two years after the shooting. Motion at 12. The first three versions of the complaint captioned this claim as a successor-in-interest claim, but the TAC now cites Michelle's individual capacity. Defendants cite to *Quiroz v. Seventh Ave. Center*, which held that a survivor action cannot relate back to a claim brought originally by a decedent to avoid being barred by a statute of limitations. 140 Cal. App. 4th 1256, 1277 (2006). However, in *Quiroz*, the survivor's injuries were only included for the first time in the amended complaint. *Id*. Here, every iteration of plaintiff's complaint has alleged the same injuries: Michele's "pecuniary loss resulting from the loss of comfort, society, attention, services, and support of her

5

daughter," as well as "funeral and burial expenses." Dkt. 1 at ¶¶ 52, 53; Dkt. 11 at ¶¶ 53, 54; Dkt. 75 at ¶¶ 53, 54; Dkt. 94 at ¶¶ 55, 56. It appears that, like with the Fourteenth Amendment claim, the caption of this claim was simply mistitled by error, unlike in *Quiroz* where the content of the claim and the injuries alleged changed in substance over time.

Plaintiff requests leave to amend the TAC to instead name Michelle Mondragon in her individual capacity rather than in her capacity as Elena's successor-in-interest for the Fourteenth Amendment claim. Plaintiff argues that while this amendment would occur outside the statute of limitations, the Court should grant leave under Rule 15(a) and (c) because the new claim arises out of the same occurrence as the original claim and thus relates back to the date of the original pleading. Opp. at 9–10. Similarly, Plaintiff argues that her change in the TAC to name herself individually for the wrongful death claim should be acceptable because the claim relates back to its previous iterations where she brought the claim on behalf of Elena. Plaintiff also argues that her Government Tort Claim Act claim contained accurate allegations and put Defendants on notice, though no version of the government tort claim has been filed with this Court.

The Court GRANTS leave under Rule 15 for Plaintiff to correct the title of her second claim for violation of her Fourteenth Amendment rights, finding that because the factual bases for the claim remained identical over time, Defendants were on notice of the facts and injuries alleged. For the same reasons, the Court DENIES the motion to dismiss the wrongful death claim which was already refashioned in the TAC as brought in Michelle's individual capacity.

**C. *Monell* Liability**

Plaintiff's third claim is against the City of Fremont under a *Monell* theory of liability for violation of Elena Mondragon's civil rights under 42 U.S.C. § 1983. To state a claim for a municipality's *Monell* liability under § 1983, a plaintiff must allege that a constitutional right was violated as a result of (1) an express municipal policy; (2) a widespread practice that constitutes a custom or usage; (3) the decision of a person with final policymaking

6

authority; or (4) inadequate training. *Monell v. New York Dept. of Social Services*, 436 U.S. 658 (1978); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *City of Canton v. Harris*, 489 U.S. 378 (1989).

Defendants argue that Plaintiff has failed to state sufficient facts to show that the City of Fremont is liable for Elena's death under *Monell*. At times, the TAC alleges that the individual defendant officers *violated* the City of Fremont's policies in the incident that resulted in Elena's death. TAC ¶ 42. Specifically, Plaintiff alleges that the officers violated the City's Use of Force policy by shooting at a moving car. *Id.* Plaintiff also alleges that the defendant officers violated the Body Worn Camera policy by not activating their cameras. *Id.* ¶ 43. These are the only two policies explicitly named in the TAC—the rest of plaintiff's allegations for her *Monell* claim are broad and generic. She alleges that the officers' "failures indicate a lack of supervision and ratification of officer misconduct" and that the officers' conduct "was ratified by [unnamed] City police department supervisory officers." *Id.* ¶¶ 42, 43, 44. Plaintiff also alleges that the officers were inadequately supervised, trained, controlled, and disciplined. *Id.* ¶ 45. The complaint contains vague conclusory statements rather than specific facts. Indeed, Plaintiff admits that she "technically . . . did not have the specific details of Defendants' failed policy at the time of her most recent amendment." Opp. at 12.

Plaintiff argues in her Opposition that she should be held to a lenient pleading standard because she had no access to the facts she needed to state this claim before discovery. Opp. at 11–12. To support this proposition, she relies on *Galbraith v. Cnty. of Santa Clara*, which states that "a claim of municipality liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom or practice." 307 F.3d 1119, 1127 (9th Cir. 2002). First of all, here, plaintiff actually alleges that the individual officers violated the City of Fremont's policies rather than followed them. But more importantly, the standard in *Galbraith* predates the U.S. Supreme Court's heightened pleading standards set forth in *Bell Atlantic Corp. v. Twombly*

and *Ashcroft v. Iqbal*, which this Court must apply. 550 U.S. 544 (2007); 556 U.S. 662 (2008). And the TAC is not sufficient under *Twombly* and *Iqbal*.

Plaintiff also cites to *Phillips v. City of Fresno*, 2013 WL 6243278, at *10 (E.D. Cal. Dec. 3, 2013) and *Estate of Duran v. Chavez*, 2015 WL 8011685, at *9 (E.D. Cal. Dec. 7, 2015) as examples of cases where courts denied motions to dismiss *Monell* claims where defendants had possession of discovery that plaintiffs needed to state detailed factual allegations. Opp. at 11–12. However, in both those cases, the plaintiffs stated more specific facts than the TAC states here. In *Phillips*, the operative complaint included factual allegations as to the number of inmates in a prison after realignment, data about violence in the relevant prison, updates from a class action lawsuit based on similar grounds, and quotes from defendants that had appeared in a local newspaper. 2013 WL 6243278 at *10.[1] In *Chavez*, the plaintiff included facts about specific named supervisors and their titles, roles, observations, and actions. 2015 WL 8011685 at *9. The courts in those cases noted that the factual allegations were sparse, yet here plaintiff's TAC contains even fewer facts.

Plaintiff argues in the Opposition that she has obtained discovery to support her *Monell* claim and attaches transcripts from multiple police officers' depositions to show what facts she has learned. Defendants argue that the Court should not consider the depositions because the only question before the Court is whether the TAC is adequately pleaded. The Court agrees that it should not rely upon the deposition transcripts in deciding this motion because they are outside the allegations of the TAC. Fed. R. Civ. P. 12(b); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (stating that "generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule12(b)(6) of the Federal Rules of Civil

---

[1] Other courts in this District have rejected plaintiff's counsel's reliance on *Phillips* where *Monell* claims were insufficiently pleaded. *See, e.g., Cifuentes v. CMPA*, Case No. 17-cv-00575-JSC, 2017 WL 2617959, at *2 (N.D. Cal. June 16, 2017); *Wilson v. Town of Danville,* Case No. 17-cv-00863-DMR, 2017 WL 235545, at *3–4 (N.D. Cal. May 30, 2017).

8

Procedure."). But even if the Court did consider the deposition transcripts, plaintiff would not have saved her *Monell* claim. The depositions show that, as plaintiff herself states in the TAC, the officers' actions in the shooting incident were *inconsistent* with the City of Fremont's policies. Opp. at 13. Plaintiff argues that the deposition testimony indicates that officers were trained incorrectly and that their training taught them not to follow City policies. *Id*. However, the Court's review of the deposition transcripts reveals that the officers' testimony about training and policy is limited, somewhat unclear, and still lacks sufficient facts to state a *Monell* claim against the City of Fremont.

The Court FINDS that the plaintiff has failed to allege sufficient facts to state a claim for the City of Fremont's liability under *Monell*. The motion to dismiss this claim is GRANTED. The Court finds that further amendment of this claim would be futile especially given Plaintiff's three previous opportunities to amend the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (stating that the court's discretion to deny leave to amend is "particularly broad where plaintiff has previously amended the complaint.").

This was the only claim brought against defendant the City of Fremont, so the City of Fremont is dismissed from the case.

**IV. Conclusion**

The Court GRANTS the motion to dismiss the plaintiff's *Monell* claim against the City of Fremont and finds that further amendment of this claim would be futile. As such, the Court DISMISSES the City of Fremont from the case.

The Court GRANTS the motion to dismiss based on the plaintiff's failure to file a successor-in-interest affidavit and will dismiss all claims brought by Michelle Mondragon as Elena Mondragon's successor-in-interest if no required materials are filed by **March 24, 2020.**

The Court also GRANTS the motion to dismiss the plaintiff's Fourteenth Amendment claim under 42 U.S.C. § 1983 based on the incorrect captioning of the claim but GRANTS the plaintiff leave to amend the complaint to name Michelle Mondragon in

9

her individual capacity instead of as Elena's successor-in-interest. If she fails to make this amendment by **March 24, 2020,** the claim will be dismissed.

The Plaintiff is only granted leave to make the limited amendments detailed in this Order and may not make any additional amendments to her claims or add additional parties without leave of Court. The Court otherwise DENIES the motion to dismiss. Defendants do not need to answer the Third Amended Complaint unless Plaintiff provides notice that she will not file a Fourth Amended Complaint.

**IT IS SO ORDERED.**

Dated: March 10, 2020  _____
NATHANAEL M. COUSINS
United States Magistrate Judge