PATRICK D. MORIARTY, State Bar No. 213185
pmoriarty@aghwlaw.com
JOHN B. ROBINSON, State Bar No. 297065
jrobinson@aghwlaw.com
MARIA NOZZOLINO, State Bar No. 302368
mnozzolino@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA  94104
Telephone:      (415) 697-2000
Facsimile:       (415) 813-2045

Attorneys for Defendants
JOEL HERNANDEZ, JEREMY MISKELLA, and
GHAILAN CHAHOUATI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE MONDRAGON, individually and as Successor-in-Interest to Decedent ELENA MONDRAGON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FREMONT, JOEL HERNANDEZ, JEREMY MISKELLA, GHAILAN CHAHOUATI, and DOES 1-25, inclusive,<br><br>Defendants. | Case No. 5:18-CV-01605-NC<br><br>**DEFENDANTS' TRIAL BRIEF RE: TESTIMONY OF SCOTT RODER**<br><br>Hon. Nathanael Cousins |

## I. INTRODUCTION

The Court permitted Defendants JOEL HERNANDEZ, JEREMY MISKELLA and GHAILAN CHAHOUATI ("Defendants") to brief its position that a jury instruction is necessary given Plaintiff Michelle Mondragon's ("Plaintiff's") forensic animation expert Scott Roder violating this Court's Daubert Order. (Dkt. 290)

Defendants' brief the issue herein and request an instruction be read to the Jury that Mr. Roder's opinion regarding Jeremey Miskella firing "from a position of safety" be disregarded.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This Court held a *Daubert* hearing on June 2, 2022. (Dkt. 290) This Court found Mr. Roder was not qualified as an expert on police practices and granted Defendants' motion in limine to exclude his opinions "on police practices and legal questions for the jury." (Dkt. 290 at 2:14-20) Despite the Court's *Daubert* Order, Mr. Roder intentionally interjected a clearly improper opinion during his testimony at trial on June 16, 2022. Mr. Roder testified:

Q. WHERE WAS JEREMY MISKELLA AIMING FOR THE FOURTH ROUND, THE FOURTH SHOT?

MR. BUELNA: OBJECTION.

THE WITNESS: I --

MR. BUELNA: WAIT. OBJECTION. CALLS FOR SPECULATION, YOUR HONOR.

THE COURT: OVERRULED.

A: I CAN'T TELL YOU WHAT MISKELLA, WHAT'S GOING ON IN HIS HEAD. BUT WHAT I CAN TELL YOU IS WHAT HE DID. AND WHAT HE DID WAS AS THE CAR PASSED BY, ***HE SHOT THROUGH THE WINDOW AS THE CAR PASSED BY WHEN HE WASN'T IN ANY DANGER. THAT'S WHAT HE DID.*** (*Mondragon v. City of Fremont, et. al.,* C-18-01605 NC, Transcript of Proceedings, Vol. II, June 16, 2022, at 257:18-258:4.)

## III. LEGAL STANDARD

The role of experts offering opinions is to assist the jury with respect to issues that are sufficiently beyond common experience such that his or her opinion would assist the jury. Evid.

Code § 801.  See *Jennings v. Palomar Pomerado Health Systems, Inc.* (2004) 114 Cal.App.4th 1108, 116-117 (question of whether the expert's testimony will assist the trier of fact is a foundational predicate for admission of the testimony). If [an expert's] testimony arguably embraced the ultimate issue, such testimony is permissible as long as the expert's testimony "…assists, rather than supplants, the jury's judgment." *United States v. Dazey*, 403 F.3d 1147, 1171–72 (10th Cir.2005). "An expert may not simply tell the jury what result it should reach without providing any explanation of the criteria on which that opinion is based or any means by which the jury can exercise independent judgment." *Id*. at 1171. Expert testimony of this sort has been excluded "on the ground that it usurps the function of the jury in deciding the facts," or because it "interferes with the function of the judge in instructing the jury on the law." *Id*. at 1171 (internal quotation marks omitted).

      The Ninth Circuit has specifically recognized that Federal Rule of Evidence 105 "obligates the trial judge to restrict the evidence to its proper scope and entitles the opponent to an instruction cautioning the jury to the possibility of forbidden use and admonishing them not to use it for that purpose." *Borunda v. Richmond*, 885 F.2d 1384, 1388 (9th Cir. 1988), citing *Sprynczynatyk v. General Motors Corp.,* 771 F.2d 1112, 1117 (8th Cir. 1985). Limiting instructions may reduce or eliminate prejudice which would otherwise occur. *United States v. O'Brien*, 601 F.2d 1067, 1070 (9th Cir. 1979). See also *United States v. Ebner*, 782 F.2d 1120, 1126 (2d Cir. 1986) ["[L]imiting instructions are an accepted part of our present trial system."]; *United States v. Sanders*, 928 F.2d 940, 942 (10th Cir.1991) [recognizing that a limiting instruction has the potential to cure any prejudice from the erroneous admission of evidence.].

### IV.    ANALYSIS

      Mr. Roder unquestionably defied this Court's *Daubert* Order when he testified Officer Miskella, "shot through the window as the car passed by when he wasn't in any danger." In his written report, Mr. Roder provided the following opinion – which this Court ruled would be improper testimony at trial - "[b]oth of these two shots are from driver's side lateral positions and objectively the shooter was outside of any danger as he discharged those shots." It is plainly obvious that Mr. Roder interjected this same opinion at trial despite the Court's *Daubert O*rder.

Mr. Roder is not only not qualified as a police practices expert to give an opinion on the reasonable use of force, but his testimony in essence supplants the jury's role in this matter by opining on whether Miskella fired in self-defense. Such an opinion contradicts the purpose of F.R.E. 702 allowing for expert opinions to assist, but not supplant the role, of the jury. Any opinion on an ultimate issue of law – such as whether Miskella fired in self-defense and what a reasonable officer would do – is speculative, argumentative and includes improper legal analysis. A jury instruction is necessary to cure the prejudice to Defendants. Only through such an instruction will the jury be properly advised of the impropriety of the extent of Mr. Roder's expertise and the limitation of his testimony.

## V. CONCLUSION

Defendants request the following jury instruction:

"Plaintiff's expert, Scott Roder, is not qualified to opine on the reasonable use of force or police practices. Any testimony he gave regarding Officer Miskella's use of force and– specifically whether Miskella fired his shots in self-defense was improper.  That testimony was stricken from the record and should not be considered during your deliberations."."

Respectfully submitted,

Dated:  June 19, 2022

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By:   */s/ Patrick D. Moriarty*
PATRICK D. MORIARTY
JOHN B. ROBINSON
MARIA NOZZOLINO
Attorneys for Defendants JOEL HERNANDEZ, JEREMY MISKELLA, and GHAILAN CHAHOUATI